```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GLORY LICENSING LLC,                            :
                                                :
                       Plaintiff,               :         SUMMARY ORDER
                                                :
        -against-                               :         09-CV-5569
                                                :
UNITED AIRLINES, INC.,                          :
                                                :
                       Defendant.               :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

Glory Licensing LLC ("Glory" or "Plaintiff") brought this action alleging that United Airlines, Inc. ("United" or "Defendant") infringes on Glory's patents: U.S. Patent Nos. 7,570,383 and 7,619,768 ("the '383 patent" and "the '768 patent," respectively). (Compl. ¶¶ 10–15.) Before the court is United's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). (Def.'s Mem. of Law.) For the reasons set forth below, United's motion to dismiss is granted and Glory's complaint is dismissed without prejudice.

## BACKGROUND

Glory is a limited liability company that appears to have been formed for the purpose of enforcing patents held by members Catherine B. Elias, Robert Lech, and Mitchell A. Medina. On August 4, 2009, the United States Patent and Trademark Office issued to Glory the '383 patent, entitled "Information Processing Methodology." (U.S. Patent No. 7,570,383 (filed Mar. 16, 2007).) Several months later, on November 17, 2009, the U.S. Patent and Trademark Office issued to Glory the '768 patent, with the same title as the '383 patent. (U.S. Patent No. 7,6119,768 (filed Oct. 31, 2007).) Glory filed this suit on December 17, 2009.

1

The complaint alleges that United has infringed on Glory's '383 and '768 patents by:[1]

> [A]mong other things, processing the information on the website at www.united.com . . . pursuant to [claims] of the ['383 and '768 patents], without permission from Glory, in which information not derived from a scanned hard copy document and *entered by a United customer into a computerized form document* displayed on the browser of the customer's computer is extracted according to content instructions and transmitted to an application program operating on Defendant's web server according to customizable transmission format instructions in a manner defined by the claims of the ['383 and '768 patents]."

(Compl. ¶¶ 11, 14 (emphasis added).) The complaint does not identify which of the twenty-seven claims of the '383 patent or twenty-eight claims of the '768 patent have been infringed, but it does allege infringement of a representative "claim" of the '383 and '768 patents. (*See* Compl. ¶¶ 11, 14.) On April 28, 2010, defendant moved to dismiss the complaint.

## **STANDARDS GOVERNING A MOTION TO DISMISS**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Twombly*, 550 U.S. at 555. On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all

---

[1] Although Glory does not allege that this is the only way in which United infringes on its patents, it fails to plead any other theory of infringement.

2

reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The court may only consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## **DISCUSSION**

Direct infringement[2] requires a single party to perform each and every step of a claim. *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1371, 1378 (Fed. Cir. 2007) (citing *Warner-Jenkinson Co. v. Hilton Davis Corp.*, 520 U.S. 17, 117 (1997)). The Federal Circuit has recognized that this may allow a defendant to avoid liability for direct infringement by having someone else carry out one or more of the steps on its behalf. *See BMC Resources*, 498 F.3d at 1379. As a result, in cases where the actions of *multiple* parties combine to perform every step of the claims, the claim is directly infringed when one party (the "mastermind") exercises "control or direction" over the entire process in such a way that every step is attributable to the controlling party. *Muniauction, Inc. v. Thompson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).

In its complaint, Glory specifically alleges that United infringes on its patent when, among other things, information is entered into a form document "by a United customer" and extracted and transmitted to an application program operating on Defendant's web server. (Compl. ¶¶ 11, 14.) Although Glory does not specify which claims are infringed by these

---

[2] Although Glory has failed to identify in its Complaint whether United has committed direct infringement, inducement of infringement, or contributory infringement, Glory conceded in its Opposition that it did not properly state a claim for inducement or contributory infringement. (Pl.'s Mem. of Law in Opp'n, 1.) Therefore, the court will limit its discussion to direct infringement.

actions, these allegations clearly point to claims of the '383 and '768 patents that require the input of information by a "user" of a computer. ('383 & '768 Patent cls. 7-9, 16-18, 25-27.) Because the only theory of infringement alleged in the complaint requires multiple actors, (*i.e.*, defendant and a United customer to act as a "user"[3]), in order to adequately plead direct infringement, Glory would have needed to allege that United controlled its customers, a dubious contention. *See Muniacution*, 532 F. 3d at 1330; *BMC Resources*, 498 F.3d at 1380-81. Glory did not do so in its complaint, and even if it had, courts have uniformly rejected the argument that a company's control over what data must be entered by a consumer into a website is sufficient to rise to the level of control or direction necessary to find that the "mastermind" has directly infringed the plaintiff's patent. *See Muniauction*, 532 F. 3d at 1330 (allegations that an alleged direct infringer that controls access to a system and instructs users how to use the system are insufficient for a finding of direct infringement); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp. 2d 811, 835 (S.D. Tex. 2008) (noting that controlling access to a system, providing instructions or prompts on how to use it, or arranging for the third-party's involvement in the infringement is not sufficient to show adequate direction or control); *Global Patent Holdings, LLC v. Panthers BRHC, LLC*, 586 F. Supp 2d 1331, 1334 (S.D. Fla. 2008) (finding that "mere guidance or instruction in how to conduct some of the steps of the method" is not sufficient to show that the alleged direct infringer controlled the third party who completed the performance of the claimed method). Thus, the complaint has failed to state a claim that United infringed on either the '383 or '768 patent.

Plaintiff argues in opposition that certain claims of the '383 and '768 patents (*e.g.*, claims 19) could be infringed by defendant without a third-party entering the information. That may be

---

[3] This is not meant to suggest that the term "user" recited in the patent claims somehow precludes a theory of infringement that involves only one actor.

true; however, Glory has failed to allege such a theory of infringement in its complaint. Nevertheless, at this point, the court cannot say that amendment would be futile. Accordingly, Defendant's motion to dismiss is granted and the complaint is dismissed without prejudice.

## CONCLUSION

For the forgoing reasons, United's motion to dismiss is granted, and the complaint is dismissed without prejudice. The Clerk of the Court is directed to hold the closure of this case in abeyance for thirty days. Plaintiff has leave to file an amended complaint by April 14, 2011, provided it has a good faith basis for doing so. Plaintiff's failure to file an amended complaint by that date will result in a dismissal with prejudice.

SO ORDERED
DATED:    Brooklyn, New York
             March 15, 2011

                                                          /s/
                                                DORA L. IRIZARRY
                                      United States District Judge